UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

|  |  |
|---|---|
| **MALIBU MEDIA, LLC,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No: 1:19-cv-00624-CMH-JFA |
| **ALEXANDER WRIGHT,** | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Alexander Wright ("Defendant"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6) submits this Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

## I. INTRODUCTION

Plaintiff Malibu Media, LLC ("Plaintiff or "Malibu Media") has filed an Amended Complaint against Defendant replete with conclusions of law and requiring inferential hurdles that the Iqbal/Twombly standard prevents this Court from making. Plaintiff has made a meager attempt to connect Defendant with an Internet Protocol (IP) address associated with the alleged copyright infringement contained in its largely cut-and-pasted Amended Complaint. Accordingly, as further set forth below, the Amended Complaint fails to state a claim on which relief may be granted, so that it should be dismissed with prejudice.

## II. STATEMENT OF FACTS

1. Malibu Media is one of two companies that make and sell pornographic videos and

materials which are responsible for almost half of the 3,404 copyright lawsuits filed in the U.S. in the first seven months of this year.  See Decker, Susan and Yasiejko, Christopher, Porn Purveyors' Use of Copyright Lawsuits Has Judges Seeing Red, BLOOMBERG, Aug. 5, 2019, https://www.bloomberg.com/news/articles/2019-08-05/porn-purveyors-use-of-copyright-lawsuits-has-judges-seeing-red.[1]

2. Malibu Media targets users in wealthier areas and, typically, the adult male in the household.  Id.

3. Malibu Media has filed approximately 8,000 lawsuits nationwide since 2012.  Id.

4. Malibu Media has "'a business model that seeks to profit from litigation and threats of litigation rather than profiting from creative works.'"  Id.

5. On May 21, 2019, Malibu Media filed a Complaint against "John Doe subscriber assigned IP address 96.231.243.193" that contains mostly material cut-and-pasted from the many other suits it has filed in various jurisdictions.

6. After expedited early discovery authorized by this Court against an unrepresented individual who could not effectively contest Plaintiff's representations to the Court or argue that Defendant's privacy interests outweighed Malibu Media's need for discovery, Plaintiff filed an Amended Complaint against Defendant on August 2, 2019.

7. The Amended Complaint alleges one count of direct copyright infringement, and

---

[1] Of the company responsible for the other large share of these lawsuits, Strike 3 Holdings, LLC, District Judge Royce Lamberth stated, "Armed with hundreds of cut-and-pasted complaints and boilerplate discovery motions, Strike 3 floods this courthouse (and others around the country) with lawsuits smacking of extortion.  It treats this Court not as a citadel of justice, but as an ATM.  Its feigned desire for legal process masks what it really seeks: for the Court to oversee a high-tech shakedown."  Strike 3 Holdings, LLC v. Doe, 351 F. Supp. 3d 160, 166 (D.D.C. 2018) (dismissing the case pre-early discovery on the partial grounds that "Strike 3 fails to give the Court adequate confidence this defendant actually did the infringing.").

makes bald allegations and conclusions of law that Defendant used BitTorrent, a popular peer-to-peer filing sharing system, to infringe on eight of Plaintiff's copyrighted works, resulting in alleged violations of 17 U.S.C. §§ 106 and 501.

### III. ARGUMENT

#### a. Legal Standard

"A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where it appears that the facts alleged fail to state a 'plausible' claim for relief." Pro-Concepts, LLC v. Resh, Civil Action No. 2:12cv573, 2014 U.S. Dist. LEXIS 18416, at *7 (E.D. Va. Feb. 11, 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 556). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. at 678 (citing Twombly, 550 U.S. at 557). The Court does not have to accept as true "footless conclusions of law" or "unwarranted deductions." Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (internal citation omitted).

#### b. Plaintiff has failed to state a plausible claim against Defendant for direct copyright infringement.

Plaintiff's bare allegation that Defendant used an Internet Protocol ("IP") address associated with alleged infringing activity is not sufficient to state a claim for direct infringement. To state a claim of direct copyright infringement, a plaintiff must allege facts that, when credited, establish that the plaintiff owns a valid copyright in the work allegedly infringed upon, and that the defendant has copied "constituent elements of the work that are original." Feist Publ'ns, Inc. v.

Rural Tel. Svc. Co., Inc., 499 U.S. 340, 361 (1991). The U.S. Court of Appeals for the Fourth Circuit has held that "to establish direct liability under §§ 501 and 106 of the Act, something more must be shown than mere ownership of a machine used by others to make illegal copies. There must be actual infringing conduct with **a nexus sufficiently close and causal to the illegal copying that one could conclude that the machine owner himself trespassed** on the exclusive domain of the copyright owner." CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 550 (4th Cir. 2004) (emphasis added). The Court further stated that "some aspect of volition and meaningful causation," was necessary in order for direct infringement liability to attach. Id. Likewise, in a 2018 decision in a case with strikingly similar facts to this case, the United States Court of Appeals for the Ninth Circuit held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." Cobbler Nevada v. Gonzalez, Case No. 17-35041, slip op. at 3 (9th Cir. 2018).

Applying that law, Plaintiff's Amended Complaint has failed to allege a sufficient nexus between Defendant and the IP address that was allegedly used to copy Plaintiff's works. Plaintiff makes only bare assertions that Defendant was using the IP address set forth in Exhibit A, but makes no connection between Defendant himself and the IP address. In one sentence, Plaintiff makes a giant and illogical leap from "tracing" the IP address to "a physical address located in the District" to "Defendant committing tortious conduct." Compl. ¶ 5.[2] Plaintiff fails to allege that a specific physical address could even be ascertained using the "geolocation technology," and

---

[2] The geolocation technology referenced by Plaintiff "is famously flawed: virtual private networks and onion routing spoof IP addresses (for good and ill); routers and other devices are unsecured; malware cracks passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign addresses to some general location if it cannot more specifically identify another." Strike 3 Holdings, 351 F. Supp. 3d at 162 (internal citations omitted).

certainly does not allege that such physical address was Defendant's. There is not even an allegation that Defendant is the registered subscriber of the allegedly infringing IP address, let alone any facts to establish, for example, that Defendant's computer used the allegedly infringing IP address, as opposed to, for example, a hacker, another member of the household, etc. There was such an allegation in the Cobbler Nevada case, but even that was insufficient to prevent dismissal of the Amended Complaint in that case. Plaintiff has also failed to provide factual statements to support what is essentially a recasting of 17 U.S.C. §§ 106 and 501 that Defendant "downloaded, copied, and distributed a complete copy of Plaintiff's works. . . ." Compl. ¶ 23. The Amended Complaint alleges instead, that Malibu Media's own agent IPP International UG ("IPP") "established a direct TCP/IP connection" (Compl. ¶ 17) and that "IPP downloaded files from Defendant" (Compl. ¶ 18)—not the other way around. The Amended Complaint does not allege when or how *Defendant* downloaded, copied, and distributed Plaintiff's works, but only how Malibu Media's own agent did. Accordingly, Plaintiff's Amended Complaint does not meet the Twombly/Iqbal standard, or otherwise state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, it is respectfully submitted that Defendant's Motion to Dismiss should be granted and the Amended Complaint dismissed, with prejudice, together with an award to Defendant of its allowable costs and fees pursuant to 17 U.S. Code § 505 and such other further relief as may be just and proper.

Dated: September 3, 2019                    Respectfully submitted,

**ALEXANDER WRIGHT**
*By Counsel*

_____/s/_____
David G. Fiske, Esq. (VSB #14511)
Thomas C. Junker, Esq. (VSB #29928)
Clarissa K. Pintado, Esq. (VSB #86882)
FISKE LAW GROUP, PLLC
100 N. Pitt Street, Suite 206
Alexandria, Virginia 22314
Telephone: (703) 518-9910
Fax: (703) 518-9931
dfiske@fiskelawgroup.com
tjunker@fiskelawgroup.com
cpintado@fiskelawgroup.com
*Counsel for Defendant Alexander Wright*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of September 2019, a true and correct copy of the foregoing was served via ECF upon:

John Carlin Decker, II
Law Office of John C. Decker, II
5207 Dalby Lane
Burke, VA 22015
The.decks@verizon.net
*Counsel for Plaintiff*

_____/s/_____
David G. Fiske, Esq. (VSB #14511)
Thomas C. Junker, Esq. (VSB #29928)
Clarissa K. Pintado, Esq. (VSB #86882)
FISKE LAW GROUP, PLLC
100 N. Pitt Street, Suite 206
Alexandria, Virginia 22314
Telephone: (703) 518-9910
Fax: (703) 518-9931
dfiske@fiskelawgroup.com
tjunker@fiskelawgroup.com
cpintado@fiskelawgroup.com
*Counsel for Defendant Alexander Wright*